# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MUSTAPHA MAIKUDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-912-D |
| | ) | |
| DIVERSIFIED CONSULTANTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss [Doc. No. 6]. Plaintiff has not filed a response.[1]

On July 15, 2016, Plaintiff filed a small claims action against Defendant in Oklahoma County, Oklahoma. In his supporting affidavit, Plaintiff alleged that "the defendant is indebted to the plaintiff in the sum of $7,500.00 for ruining my credit." Plaintiff provided no further allegations. On August 9, 2016, Defendant removed the action to this Court, alleging Plaintiff's small claims lawsuit "clearly relates to alleged credit reporting, and, so, the only possible causes of action would be under the Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681, et seq." *See* Mot. to Dismiss at 2; *see also* Notice of Removal, ¶ 2 [Doc. No. 1].

---

[1] Since Plaintiff failed to respond within the time limits prescribed by Local Rule (LCvR) 7.1(g), the matters set forth in the motion are deemed confessed.

Although Plaintiff's action was originally filed in state court, upon removal, Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Supreme Court's pleading standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) govern the sufficiency of his allegations. *See Smith v. Bayer Corp.*, 564 U.S. 299, 304 n. 2 (2011) ("[F]ederal procedural rules govern a case that has been removed to federal court.") (citation omitted); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("After the removal of an action from state court ... it has been settled by numerous cases that the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters.") (citation omitted); *McKnight v. Linn Operating, Inc.*, No. CIV-10-30-R, 2010 WL 9039794, at *1 (W.D. Okla. Apr. 1, 2010) (unpublished) ("Because the Federal Rules apply after removal, Rule 12(b)(6) and the attendant standards set by the Supreme Court apply. If, however, the Court concludes that Plaintiffs' allegations fail under the *Twombly* and *Iqbal* standard, it may order Plaintiffs to replead their claims if necessary.").

Since Plaintiff appears pro se, the Court is required to construe his filings liberally. *Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014). However, it must not assume the role of advocate, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and is under no obligation to construct legal

arguments on Plaintiff's behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Applying a liberal construction, the Court finds Plaintiff's claims are insufficient to state a claim upon which relief can be granted. Under Rule 8(a), a complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. *Id*. Such allegations must be sufficient to give the defendant fair notice of the claims and the grounds upon which they rest. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

Plaintiff's single, conclusory allegation that Defendant "ruined [his] credit" falls short of Rule 8(a) in that it does not give Defendant fair notice of his claims and the supporting grounds, thereby leaving Defendant no basis from which to begin a coherent defense. The Court, however, is mindful that Plaintiff's action was originally filed in small claims court and he now finds himself bound by more formalistic pleading rules. Accordingly, in order that Plaintiff be given the opportunity to have his claims heard, the Court grants Plaintiff leave to file an amended complaint that complies with Rule 8(a) within twenty-one (21) days.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss [Doc. No. 6] is **GRANTED**. Plaintiff's pleading is **DISMISSED WITHOUT PREJUDICE**. Plaintiff, within **twenty one (21) days** of the date of this Order,

3

may file an amended complaint as set forth herein. If Plaintiff fails to file an amended complaint within the time allowed, his action will be dismissed without prejudice, and a judgment of dismissal will be entered.

**IT IS SO ORDERED** this 5th day of October, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE